NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| UNITED STATES LAND RESOURCES, LP and LAWRENCE S. BERGER, | : : : : | |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civ. No. 08-CV-5162 (WHW) |
| JDI REALTY LLC; JDI MONTCLAIR, LLC; JEFFEREY AEDER; WATERFORD INVESTORS, LP; WATERFORD INVESTORS, LLC; et al., | : : : : : | |
| Defendants. | : : | |

**Walls, Senior District Judge**

Defendants have moved to dismiss plaintiffs' third amended complaint. In accordance with Federal Rule of Civil Procedure 78(b), this motion is decided on the papers without oral argument. The motion is granted in part and denied in part.

**FACTUAL BACKGROUND**

In an August 12, 2009 opinion, this Court described the following, which remains relevant:

> Plaintiffs entered into a contract to purchase a commercial warehouse in Wall Township, New Jersey (the "Property") for $15.6 million. (See Pls.' Compl. ¶¶ 9-10.) Plaintiffs obtained a mortgage from Smith Barney in the amount of $11 million and sought second mortgage financing from defendants. (See id. ¶¶ 10-11.) Defendant Jeffrey Aeder agreed on behalf of defendants to provide second mortgage financing in the amount of $3,150,000 at a rate of 17% per annum. (See id. ¶ 12.) As a condition, defendants required that plaintiffs enter into a partnership agreement with Aeder and transfer to defendants their partnership interest in the entity that contracted to purchase the property. (See id. ¶ 13.) This structure was designed to allow defendants to effectively foreclose on the

1

> property without instituting a foreclosure proceeding. (See id. ¶ 14.) Aeder represented to plaintiffs that, "when plaintiffs paid off the second mortgage financing, defendants would be 'bought out' of any ownership interest in the property" and plaintiffs relied upon this representation in agreeing to the terms. (See id. ¶ 16.)
>
> Defendants originally agreed to provide the second mortgage financing for a three-year term, at the end of which (the "Unwind Date") defendants were to pay off the principal balance but plaintiffs "did not pay off the second mortgage financing [at the Unwind Date]," (Id. ¶ 18.), because Aeder had assured them on behalf of defendants that, as long as they continued to make interest and principal payments, defendants "would honor their agreement to transfer back to [p]laintiffs their partnership interest in the entity owning the Property." (Id. ¶ 19.)
>
> In 2003, without notice to plaintiffs, Aeder renegotiated a lease with one of the tenants at the Property at a lower rent. (See id. ¶¶ 20-21.) Plaintiffs claim that such reduction lowered the value of the Property. (See id. ¶ 22.) Defendants later sold the property, again without notice to plaintiffs, for "only $300,000 more than the price paid six years earlier." (See id. ¶ 23.) Plaintiffs first learned of the sale when they received a check for $64,117 from defendants, which sum, defendants asserted, was plaintiffs' share of the proceeds. (See id. ¶ 25.)

U.S. Land Res., LP v. JDI Realty LLC, Civ. No. 08-5162, 2009 WL 2488316, at *1 (D.N.J. Aug. 12, 2009).

## PROCEDURAL BACKGROUND

On the basis of these factual allegations, plaintiffs filed a complaint alleging fraud (Count 1), breach of contract (Count 2), unjust enrichment (Count 3), breach of implied duty of good faith and fair dealing (Count 4), conversion (Count 5) and breach of fiduciary duty (Count 6). (See Dkt. No. 1, Pls.' Compl. ¶¶ 27-50.) Defendants removed to this Court and filed a motion to dismiss in lieu of an answer. (Dkt. No. 3, Defs.' Mot. to Dismiss, Dec. 14, 2008.) In response, plaintiffs filed an amended complaint. (Dkt. No. 4, Am. Compl., Dec. 31, 2008.)

Defendants filed a second motion to dismiss on January 27, 2009, which this Court granted in large part on August 12, 2009. (Dkt. No. 15, Op., Aug. 12, 2009.) In this 2009 opinion, the Court repeatedly admonished plaintiffs for failing to plead properly, as required by

2

Federal Rule of Civil Procedure 8(a).  The Court dismissed plaintiffs' unjust enrichment claim, conversion claim, and New Jersey Consumer Fraud Act claim with prejudice as to all defendants.  The Court also dismissed with prejudice plaintiffs' fiduciary duty claim and waste and mismanagement claim, as to United States Land Resources only.  The Court dismissed without prejudice, and with leave to file an amended pleading, plaintiffs' fraud claim, breach of contract claim, and waste claim.  The Court denied defendants' motion to dismiss as to plaintiffs' breach of the implied duty of good faith and fair dealing claim and their fiduciary duty claim (as to parties other than United States Land Resources).  JDI Realty, 2009 WL 2488316, at *20.

Following the 2009 opinion, plaintiffs filed a second amended complaint on September 21, 2009, and finally a third amended complaint (the "TAC") on October 23, 2009.  Plaintiffs now allege five counts – fraud (Count 1), breach of contract (Count 2), breach of the implied duty of good faith and fair dealing (Count 3), breach of fiduciary duty (Count 4), and waste and mismanagement (Count 5).  On December 22, 2009, Defendants moved to dismiss the TAC and to strike plaintiffs' affirmative defenses to defendants' counterclaims.  The motion, which plaintiffs opposed, became ripe for resolution on February 1, 2010.

**LEGAL STANDARD**

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007).  However, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement' . . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3

relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)) (citation omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 546. Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Id. at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

If a complaint fails to state a claim upon which relief can be granted, a plaintiff should ordinarily be granted the right to amend its complaint. The Supreme Court has instructed that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason . . . is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). In the Third Circuit, plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint "unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc., 482 F.3d 247, 252 (2007). In Shane v. Fauver, the Third Circuit stated:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Shane, 213 F.3d 113, 116 (3d Cir. 2000) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

4

**DISCUSSION**

In their motion to dismiss, defendants assert generally that the allegations in the TAC remain overbroad, that plaintiffs have restated certain arguments that the Court has already dismissed, and that each of the remaining counts fails to state a claim. Finally, defendants argue that plaintiffs' affirmative defenses should be dismissed.

**1. General Allegations should be Dismissed or Particularized**

Defendants allege that plaintiffs have failed to amend their complaint in accordance with this Court's admonition to plead with greater particularity. In its 2009 opinion, this Court advised plaintiffs that they "must be more specific as to the actions and identities of each party" in any future amended pleadings. Plaintiffs were ordered to state with particularity "which of the named plaintiffs or named defendants specifically engaged in the alleged acts." JDI Realty, 2009 WL 2488316, at *1 n.1.

Plaintiffs counter generally that they have heeded the Court's advice and that their most recent amended complaint pleads each count with particularity, providing defendants with "more than 'fair notice' of the claim presented." (Pls.' Br. in Opp. to Defs.' Mot. to Dismiss TAC 7.) This Court agrees with plaintiffs. Rule 8(a)(2) of the Federal Rules of Civil Procedure require plaintiffs to include in their pleading a "short and plain statement that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to give defendants fair notice of the claims that are being leveled against them. See Twombly, 550 U.S. at 545; United States v. City of Philadelphia, 644 F.2d 187, 206 (3d Cir. 1980). Plaintiffs' TAC is substantially more specific than its First Amended Complaint and is sufficiently particular, on all counts, to provide

defendants with notice of plaintiffs' claims. As such, it satisfies Rule 8(a). Defendants' motion to dismiss plaintiffs' claims on the ground that they are too generalized is denied.

### 2. The Dismissed Theories should be Stricken

Defendants argue that Count 1 and Count 2 contain arguments which were dismissed by the Court's 2009 opinion. This argument is meritless. As to Count 2 (breach of contract), plaintiffs do resuscitate a dismissed breach of contract argument in the context of an equitable mortgage theory, but this Court expressly acknowledged plaintiffs' right to plead an equitable mortgage theory in an amended complaint. JDI Realty, 2009 WL 2488316, at *11. Defendants also complain that plaintiffs' Count 1 (fraud) repeats the same dismissed breach of contract argument by generic reference. Defendants go too far. The TAC is complex, offering five diverse claims for relief. Plaintiffs may use generic references. Defendants' motion to strike is denied as to its "dismissed theories" argument.

### 3. Each Count should be Dismissed on the Merits

*A. Count 1 (Fraud)*

Plaintiffs assert that defendant Aeder and the JDI defendants made misrepresentations and material omissions to plaintiffs to induce them not to pay back the principal of the loan, but rather to continue paying interest. In particular, Aeder misrepresented to plaintiffs at the time that the original loan period expired (in 2000), that as long as plaintiffs continued to pay interest, defendants would not take action to sell the Property. Plaintiffs further assert that they relied on these misrepresentations to their detriment.

Defendants move to dismiss this claim on the ground that the TAC fails to allege the elements of fraud with sufficient specificity. Defendants are particularly concerned that the TAC's Count 1 refers generically to "preceding paragraphs," which could potentially include

6

assertions of fraud that were dismissed with prejudice by this Court's 2009 opinion. Defendants also argue that plaintiffs' fraud claim is more properly understood as a breach of contract claim. (Defs.' Br. in Supp. of Mot. to Dismiss ("Defs.' Br.") 9-10.)

To state a claim for fraud, plaintiffs must "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Plaintiffs must plead "the who, what, when, where, and how: the first paragraph of any newspaper story." JDI Realty, 2009 WL 2488316, at *6 (quoting In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999)). Plaintiffs must also plead the elements of fraud, which, in New Jersey, are "(1) a material misrepresentation of present or past fact; (2) with knowledge of its falsity; (3) with the intention that the other party rely thereon; and (4) which resulted in reasonable reliance by plaintiff." Id. (citing Jewish Ctr. of Sussex County v. Whale, 86 N.J. 619, 624 (1981)).

This Court first spoke to plaintiffs' fraud claim in the context of its less particularized first amended complaint. The Court found, even in that more generalized complaint, that plaintiffs satisfactorily plead the elements of fraud. Id. at *9. The Court dismissed without prejudice and with leave to amend only because plaintiffs "failed to be sufficiently specific as to which defendants made these assurances." Id.

Plaintiffs have cured that deficiency. In paragraphs 44 and 45 of the TAC, plaintiffs now clarify that defendant Aeder made the fraudulent statements at issue. In their reply brief defendants argue that the fraud count should be dismissed as to all defendants other than defendant Aeder. Because plaintiffs state that Aeder made the assurance at issue on behalf of the other defendants, however, defendants are on notice that plaintiffs might make a vicarious liability argument that could render the other defendants liable for fraud. It remains to be seen

7

whether Aeder made these statements in his own right, or rather while operating as an agent for the other defendants. This is a question of fact and is not susceptible to resolution at this point in the proceedings.

Moreover, plaintiffs have greatly strengthened the reliance element, now stating clearly that they relied on Aeder's misrepresentations because without them plaintiffs would have obtained replacement financing or sold the property to protect their equity investment. (TAC ¶ 49.) Because plaintiffs have corrected the deficiency as to who made the assurances, and because they have strengthened their fraud claim even beyond the point at which it was accepted in this Court's 2009 opinion, plaintiffs' TAC states a claim for fraud. Defendants' motion to dismiss Count 1 is denied.

    *B. Count 2 (Breach of Contract)*

Plaintiffs claim that they were parties to a contract, which created an equitable mortgage, that defendants breached. Defendants move to dismiss this claim only as to defendant Aeder on the ground that he was not a party to the contract that created the equitable mortgage. Defendants also ask that paragraph 80 of the TAC be stricken, because the argument therein was dismissed with prejudice in the 2009 opinion. Plaintiffs respond that the TAC states that Aeder was responsible for the structure of the mortgage, which appeared to transfer ownership of the Property from plaintiffs to defendants. More generally, plaintiffs respond that Aeder controlled the defendant entities, and as such is liable wherever he had a role to play in the claims at issue.

The New Jersey Limited Liability Company Act reads: "[T]he debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company; and no member, manager, employee or agent of a limited liability company shall be obligated personally for any

8

such debt, obligation or liability of the limited liability company." N.J. Stat. Ann. § 42:2B-23. A member of a limited liability company is susceptible to only three types of liability: "Personal liability for member's own wrongful acts[;] . . . Personal liability for debt of LLC if personally guaranteed by member[; and] Charge of member's share by judgment creditor." 9 N.J. Forms Legal & Bus. § 18A:25 ¶ 21-23.

Any liability that Aeder may face resulting from his work on behalf of JDI Realty LLC and JDI Montclair, LLC will arise under the New Jersey Limited Liability Company Act. Plaintiffs attempt to sue Aeder for breach of an equitable mortgage that allegedly arose from a contract to which Aeder's company, but not Aeder himself, was a party. The mere act of facilitating a contract on behalf of a principal's limited liability company does not create personal liability for the principal himself:

> Considering that a corporation cannot act alone and requires the physical assistance of natural persons, the mere fact that an individual executed a contract for the purpose of binding a corporation does not also render that individual liable . . . . Here, the corporation was unambiguously referred to in the contract as the party to be bound, and the contract is utterly silent as to the imposition of personal liability upon the person executing the contract on behalf of the corporation.
> . . .
>
> It is well-established principle [sic] that an agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal.

Home Buyers Warranty v. Roblyn Devel. Corp., Civ. No. MER-L-464-05, 2006 WL 2190742, at *4 (N.J. Super. App. Div. 2006) (citations omitted) (finding that the above analysis applies to limited liability companies as well as to corporations).

The TAC does not allege that Aeder himself was a party to any contract with plaintiffs, but only that he oversaw the structure of the loan and, on behalf of the JDI defendants, agreed to enter the loan. Plaintiffs have made no allegations that Aeder intended to substitute his personal

liability for that of his company.  Plaintiffs generally allege that Aeder acted "on behalf of himself" (TAC ¶¶ 31, 32, 40) as well as on behalf of the other defendants, but such are bald assertions that the Court need not and does not credit.  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The facts as now alleged by plaintiffs, viewed in the light best suited to them, suggest that Aeder was acting in his professional capacity as agent to the companies of which he was principal.  Such does not create personal liability.  Defendants' motion to dismiss plaintiffs' breach of contract claim (Count 2) is granted as to defendant Aeder.

Defendants also ask that paragraph 80 of the TAC be stricken, because it was already dismissed with prejudice in this Court's 2009 opinion.  Paragraph 80 states:  "As part of Defendants' contract with Plaintiffs, Defendants agreed not to take any action to deprive Plaintiffs of their interest in the Property so long as Defendants received a 17% return annually on the funds that they advanced."  On this same issue, this Court earlier wrote, "[a]lthough plaintiffs attempt to characterize the original second mortgage agreement as an agreement 'not to take any action to deprive plaintiffs of the Property so long as defendants were paid 17% interest,' as discussed earlier this agreement is implausible."  Paragraph 80 is a near verbatim version of the argument this Court dismissed as implausible.  Plaintiffs' argument that paragraph 80 of the TAC is reformulated in the service of its equitable mortgage claim notwithstanding, defendants' motion to strike paragraph 80 of the TAC is granted.

### C. Count 3 (Breach of Implied Duty of Good Faith and Fair Dealing)

This Court has already found that plaintiffs have alleged a strong claim for breach of good faith and fair dealing – certainly a claim strong enough to withstand a motion to dismiss. While defendants note that plaintiffs have removed from their amended complaint the statement that plaintiffs continued to make interest payments after the Unwind Date, it is not so.  The TAC

states: "From the inception of the loan and continuing until the time Defendants effectuated the sale of the Property, Defendants received and were paid from the rental income generated from the Property the 17% per annum return on the loan." (TAC ¶ 46.) The allegations in the TAC continue to present a claim for breach of the implied duty. Viewing the facts in the light best suited to plaintiffs, defendants, "with knowledge of information critical to plaintiffs, acted against plaintiffs' interest." JDI Realty LLC, 2009 WL 2488316, at *14 (citing Bak-A-Lum Corp. of Am. v. Alcoa Bldg. Prods., Inc., 69 N.J.123, 128 (1976)). Defendants' motion to dismiss Count 3 is denied.

   D.  Count 4 (Fiduciary Duty)

This Court has already denied defendant's motion to dismiss plaintiffs' claim for breach of fiduciary duty:

> Accepting the allegations as true and making all reasonable inferences that follow from such allegations, plaintiffs entered into a partnership with defendants by transferring 99% of the equity in Waterford LP to defendants. Defendants then owed plaintiffs a fiduciary duty not to prefer their own interests over those of plaintiffs. Although the pleadings are not a model of clarity, plaintiffs' allegations are sufficient to put defendants on notice as to plaintiffs' claims, all that is required of plaintiffs to defeat this motion.

JDI Realty LLC, 2009 WL 2488316, at *15. While plaintiffs have substantially revised their complaint, this TAC does not make a worse case for a breach of the implied duty than its predecessor. Defendants' motion to dismiss Count 4 is denied.

   E.  Count 5 (Waste)

Plaintiffs assert that defendants caused waste by reducing the Property's value. Defendants argue that the waste claim should be dismissed as to plaintiff United States Land Resources and defendant Aeder, because neither is alleged to be a partner in the entity that

11

controlled the Property. In its 2009 opinion, this Court dismissed plaintiffs' waste claim without prejudice and with leave to amend their pleadings because the claim was too vague.

New Jersey courts generally follow Delaware's corporate law, including Delaware's pronouncements on the doctrine of corporate waste. See Pogostin v. Leighton, 216 N.J. Super. 363, 373 (App. Div. 1987); Seidman v. Clifton Sav. Bank, S.L.A., Civ. No. 152-05, 2009 WL 2513797, at *12 (N.J. Super. App. Div. 2009). The standard for proving corporate waste is "very rarely satisfied." Seidman, 2009 WL 2513797, at *12. To establish corporate waste, plaintiffs must demonstrate "'an exchange of corporate assets for consideration so disproportionately small as to lie beyond the range at which any reasonable person might be willing to trade.'" Id. (quoting Lewis v. Vogelstein, 699 A.2d 327, 336 (Del. Ch. 1997)). When defendants receive any "substantial consideration" in exchange for the corporate assets, there is no waste. Id. The applicability of the doctrine of waste is narrowly "confined to unconscionable cases where directors irrationally squander or give away corporate assets." Brehm v. Eisner, 746 A.2d 244, 263 (Del. 2000).

Plaintiffs' allegations of waste appear to be that defendants took actions that caused the value of the Property to be slightly reduced. In particular, they reduced the rent of the Property's tenants, and they sold the Property for "only $300,000 more than the price paid six years earlier." Such does not rise to the level of waste. Leung v. Schuler, Civ. No. 17089, 2000 WL 264328, at *10 (Del. Ch. 2000) ("[E]ven if the complaint alleges facts that if true would show that in hindsight the consideration was inadequate, that alone will not satisfy the waste standard. The particularized pleaded facts must show that the consideration received for the stock was so minimal . . . [as to be] the functional equivalent of making a gift to the Insiders."). A price that is $300,000 more than the purchase price is not a transfer "so completely bereft of consideration

12

that the transfer is in fact a gift." Because plaintiffs have failed to state a claim of waste, Count 5 is dismissed with prejudice as to all parties.

### 4. The Affirmative Defenses to the Counterclaim should be Dismissed

Finally, defendants move to dismiss plaintiffs' affirmative defenses to defendants' counterclaims. In their answer to the TAC, defendants asserted the following counterclaim:

> [I]it is alleged that Plaintiffs knew that the transaction that they have alleged would not be enforceable under the theory of an equitable mortgage, and/or that they could raise the theory of an equitable mortgage if they deemed the transaction not to go in accordance with their liking. Plaintiffs hid that knowledge or intent (and indeed misrepresented that the transaction was valid and enforceable) and such silence and opinion was detrimentally relied upon, causing damages including the legal fees incurred herein.

(Dkt. No. 26, Defs.' Answer ¶ 115, Nov. 6, 2009.) Plaintiffs respond with only the following: "1. Defendants' damages, if any, were the result of the Defendants' own fraud. 2. Defendants' claims are barred by the doctrine of mistake." (Dkt. No. 27, Answer to Counterclaim, Dec. 3, 2009.)

Defendants ask that plaintiffs' affirmative defenses be dismissed without prejudice as vague and insufficiently particularized. This Court agrees. Plaintiffs' affirmative defenses are not sufficiently particularized to put defendants on notice as to such defenses that plaintiffs may present against defendants. The affirmative defenses are dismissed without prejudice with leave to amend with greater specificity, if able.

### CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss plaintiffs' TAC is granted with prejudice as to Count 2 with respect to defendant Aeder, and Count 5 with respect to all defendants. Defendants' motion to dismiss plaintiffs' affirmative defenses is granted without prejudice with leave to amend. Defendants' motion to strike plaintiffs' paragraph 80 of the TAC

is granted. Defendants' motion to dismiss plaintiffs' TAC is denied as to Count 1, Count 3, and Count 4.

IT IS on this 12th day of August, 2010,

ORDERED that defendants' motion to dismiss is GRANTED WITH PREJUDICE as to Count 5 and as to Count 2 with respect to defendant Aeder only;

ORDERED that defendants' motion to dismiss is GRANTED WITHOUT PREJUDCE as to plaintiffs' affirmative defenses;

ORDERED that defendants' motion to strike paragraph 80 of the Third Amended Complaint is GRANTED;

ORDERED that defendants' motion to dismiss is DENIED as to Count 1, Count 3, Count 4, and Count 2 as to all parties other than defendant Aeder.

August 12, 2010                                             s/William H. Walls
                                                   United States Senior District Judge